■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON WELLS, Appellant.—This is an appeal from a judgment of the Supreme Court, New York County, May 16, 1978, convicting defendant of attempted criminal possession of a controlled substance sixth degree and sentencing him as a second felony offender to an indeterminate term of 1½ to 3 years. A police officer, the first witness called on the hearing to suppress a package of 13 white glassine envelopes held together by a rubber band, testified that he saw a codefendant hand the package to this defendant on a stair landing. The policeman further testified that he descended to the landing, with gun drawn, whereupon this defendant dropped the package to the floor. The policeman retrieved it and arrested both men. Cross-examination of the policeman had just begun, when the court interrupted it and summarily denied suppression, stating: "defendants by their attorneys have conceded that the contraband was not seized from their person *[sic]* of the defendant, by a warrantless search, but that it was recovered from the floor in a common hallway of a residential building. Assuming that to be true, there was no warrantless search and seizure, and the motion must be denied. There are no issues of fact to be tried. That is it." The court was mistaken because there was no such concession by the defendants. The codefendant had submitted an affidavit alleging, "At that time, both Mr. Wells and myself were searched by said police officers. It is alleged that a controlled substance was recovered at this time. Said search was without my consent, probable cause or a search warrant". It appears that this affidavit may not have been called to the suppression court's attention. As conceded by the People, the appeal must be held in abeyance and the matter remanded for a

full suppression hearing. Concur—Birns, J. P., Sandler, Ross, Lynch and Carro, JJ.